**Rule 1901.3. Commencement of Action.**

\* \* \*

(d)      The master for emergency relief shall follow the procedures set forth in the Pennsylvania Rules of Civil Procedure Governing Actions and **[proceedings before magisterial district judges]Proceedings Before Magisterial District Judges** for emergency relief under the Protection From Abuse Act.

*Note*:  *See* **Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.**

**[Explanatory Comment - 2006**

**New subdivision (c) reflects the 2005 amendments to the Protection From Abuse Act which prohibits charging fees or costs against the plaintiff.  23 Pa.C.S.A. § 6106(b).  The 2005 amendments to 23 Pa.C.S.A. § 6110(e) of the Protection From Abuse Act authorize the use of masters for emergency relief which is reflected in new subdivision (d).]**

**Rule 1901.6. [No responsive pleading required]Responsive Pleading Not Required.**

**[No pleading need be filed in response]The defendant is not required to file an answer or other responsive pleading** to the petition or the certified order, and all averments not admitted shall be deemed denied.

*Note*:  For procedures as to the time and manner of hearings and issuance of orders, see 23 Pa.C.S.**[A.]** §  6107. For provisions as to the scope of relief available, see 23 Pa.C.S.**[A.]** §  6108. For provisions as to contempt for violation of an order, see 23 Pa.C.S.**[A.]** §  6114.

*See* **Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.**

**Rule 1905. Forms for Use in PFA Actions. Notice and Hearing. Petition. Temporary Protection Order. Final Protection Order.**

* * *

(b)      The petition in an action filed pursuant to the Act shall be substantially in the following form, but the first page (paragraphs 1 through 4), following the Notice of Hearing and Order, **[must]shall** be exactly as set forth in this rule:

* * *

*Note*:  *See* **Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.**

(c)      The Temporary Order of Court, or any continued, amended**,** or modified Temporary Order of Court, entered pursuant to the Act shall be substantially in the following form, but the first page **[must]shall** be exactly as set forth in this rule:

* * *

**Rule 1910.4. Commencement of Action. Fee.**

(a)      An action shall be commenced by filing a complaint with the domestic relations section of the court of common pleas.

*Note:*  For the form of the complaint, see **[Rule]Pa.R.C.P. No.** 1910.27(a).

**    *See* Pa.R.C.P. No. 1930.1(b).  To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* shall apply.**

Section 961 of the Judicial Code, 42 Pa.C.S. § 961, provides that each court of common pleas shall have a domestic relations section.

* * *

**Rule 1910.7. [No ]Pleading by Defendant <u>Not</u> Required. Question of Jurisdiction or Venue or Statute of Limitations in Paternity.**

(a)  **[No]<u>An answer or other responsive</u>** pleading by the defendant shall **<u>not</u>** be required, but if **<u>the</u>** defendant elects to file a pleading, the domestic relations office conference required by the order of court shall not be delayed.

<u>*Note:  See* Pa.R.C.P. No. 1930.1(b).  To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* shall apply.</u>

\* \* \*

**Rule 1910.11. Office Conference. Subsequent Proceedings. Order.**

\* \* \*

(c)  At the conference, the parties shall furnish to the officer true copies of their most recent federal income tax returns, their pay stubs for the preceding six months, verification of child care expenses**<u>,</u>** and proof of medical coverage **[which]<u>that</u>** they may have or have available to them.  In addition, **[they]<u>the parties</u>** shall provide copies of their Income **<u>Statements</u>** and Expense Statements in the forms required by **[Rule]<u>Pa.R.C.P. No.</u>** 1910.27(c)**[,] <u>and</u>** completed as set forth **[below]<u>in (1) and (2) of this subdivision</u>**.

<u>*Note:  See* Pa.R.C.P. No. 1930.1(b).  To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* shall apply.</u>

\* \* \*

**Rule 1910.27. Form of Complaint. Order. Income Statements and Expense Statements. Health Insurance Coverage Information Form. Form of Support**

**Order. Form Petition for Modification. Petition for Recovery of Support Overpayment.**

(a)    The complaint in an action for support shall be substantially in the following form:

* * *

**Note:  See Pa.R.C.P. No. 1930.1(b).  To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* shall apply.**

(b)    The order to be attached at the front of the complaint **[set forth]** in subdivision (a) shall be **[in]** substantially **in** the following form:

* * *

(c)    The Income **Statements** and Expense Statements to be attached to the order **in subdivision (b)** shall be **[in]** substantially **in** the following form:

(1)    *Income Statement**s***. This form must be filled out in all cases.

**Note:  See Pa.R.C.P. No. 1930.1(b).  To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* shall apply.**

* * *

(2)    *Expense Statements.*  An Expense Statement is not required in cases **[which]that** can be determined pursuant to the guidelines unless a party avers unusual needs and expenses that may warrant a deviation from the guideline amount of support pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-5 or seeks an apportionment of expenses pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-6. **[(See Rule]See Pa.R.C.P. No.** 1910.11(c)(1)**[)]**. Child support is calculated under the guidelines based upon the **monthly** net incomes of the parties, with additional amounts ordered as necessary to provide for child care expenses, health insurance premiums, unreimbursed medical expenses, mortgage payments**,** and other needs, contingent upon the obligor's ability to

4

pay. The Expense Statement in subparagraph (A) **[below]** shall be utilized if a party is claiming that he or she has unusual needs and unusual fixed expenses that may warrant deviation or adjustment in a case determined under the guidelines. In child support, spousal support**,** and alimony **[pendente lite]**_pendente lite_ cases calculated pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-3.1 and in divorce cases involving claims for alimony**, [or]** counsel fees, **or** costs and expenses pursuant to **[Rule]Pa.R.C.P. No.** 1920.31(a), the parties **[must]shall** complete the Expense Statement in subparagraph (B) **[below]**.

      _Note:  See_ **Pa.R.C.P. No. 1930.1(b).  To the extent this rule applies to actions not governed by other legal authority regarding confidentiality of information and documents in support actions or that attorneys or unrepresented parties file support-related confidential information and documents in non-support actions (e.g., divorce, custody), the _Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts_ shall apply.**

* * *


**Rule 1915.3. Commencement of Action. Complaint. Order.**

      (a)    Except as provided by subdivision (c), an action shall be commenced by filing a verified complaint substantially in the form provided by **[Rule]Pa.R.C.P. No.** 1915.15(a).

      _Note_:  _See_ **Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the _Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts_.**

* * *


**Rule 1915.4-4. Pre-Trial Procedures.**

* * *


      (b)  Not later than five days prior to the pre-trial conference, each party shall file a pre-trial statement with the prothonotary's office and serve a copy upon the court and the other party or counsel of record. The pre-trial statement shall include the following matters, together with any additional information required by special order of the court:

In addition to the above items included in the pre-trial statement, any reports of experts and other proposed exhibits shall be included as part of the pre-trial statement served upon the other party or opposing counsel, but not included with the pre-trial statement served upon the court.

> ***Note*:  *See* Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.**

**Rule 1915.7. Consent Order.**

>        If an agreement for custody is reached and the parties desire a consent order to be entered, they shall note their agreement upon the record or shall submit to the court a proposed order bearing the written consent of the parties or their counsel.

> ***Note*:  *See* Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.**

**Rule 1915.15. Form of Complaint. Caption. Order. Petition to Modify a Custody Order.**

>        (a)        The complaint in an action for custody shall be **[in]** substantially **in** the following form:

\* \* \*

> *Note*:  The form of complaint is appropriate **[where]if** there is one plaintiff and one defendant and **[where]if** the custody of one child is sought, or **[where]if** the custody of several children is sought and the information required by paragraphs 3 to 7 is identical for all of the children. **[Where]If** there are multiple parties, the complaint should be appropriately adapted to accommodate them.  **[Where]If** the custody of several children is sought and the information required is not identical for all **of the children**, the complaint should contain a separate paragraph for each child.

**See Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.***

(b)     A petition to modify a custody order shall be **[in]** substantially **in** the following form:

\* \* \*

**Note: See Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.***

(c)     The order to be attached at the front of the complaint or petition for modification shall be **[in]** substantially **in** the following form:

\* \* \*

**Rule 1915.17. Relocation. Notice and Counter-Affidavit.**

\* \* \*

**Note: See Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.***

(j)     The counter-affidavit that must be served with the relocation notice shall be substantially in the following form as set forth **[at]in** 23 Pa.C.S. § 5337(d):

\* \* \*

**Note: See Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts.***

**Rule 1915.18. Form of Order Directing Expert Examination and Report.**

The order of court directing expert evaluation in a custody matter pursuant to **[Rule]Pa.R.C.P. No.** 1915.8 shall be **[in]** substantially **in** the following form:

\* \* \*

**Rule 1920.13. Pleading More Than One Cause of Action. Alternative Pleading.**

\* \* \*

*Note***:** *See* **Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*.**

**Rule 1920.15. Counterclaim. Subsequent Petition.**

\* \* \*

*Note:* **[See Rule]See Pa.R.C.P. No.** 1920.31, which requires the joinder of certain related claims under penalty of waiver. A claim for alimony must be raised before the entry of a final decree of divorce or annulment.

*See* **Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*.**

**Rule 1920.31. Joinder of Related Claims. Child and Spousal Support. Alimony. Alimony [Pendente Lite]*Pendente Lite*. Counsel Fees. Costs and Expenses.**

(a)　(1)　**[When either]If a** party has raised a claim for alimony**, [or]** counsel fees, **or** costs and expenses, **[each party]the parties** shall file a true copy of the most recent federal income tax return, pay stubs for the preceding six months, a completed Income Statement in the form required **[at Rule]by Pa.R.C.P. No.** 1910.27(c)(1)**,** and a

8

completed Expense Statement in the form required by **[Rule]Pa.R.C.P. No.** 1910.27(c)(2)(B). A party may not file a motion for the appointment of a master or a request for court action regarding alimony, alimony **[pendente lite]***pendente lite,* **[or]** counsel fees, **or costs [cost]** and expenses until at least 30 days following the filing of that party's tax returns, Income Statement**,** and Expense Statement. The other party shall file the tax returns, Income Statement**,** and Expense Statement within 20 days of service of the moving party's documents. If a claim for child support, spousal support**,** or alimony **[pendente lite]***pendente lite* is raised in a divorce complaint, **[no expense form]an Expense Statement** is **not** needed in a support action that can be decided pursuant to the support guidelines unless a party claims unusual needs or unusual fixed expenses**, [or]** seeks deviation pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-5**,** or apportionment of expenses pursuant to **[Rule]Pa.R.C.P. No.** 1910.16-6.

> *Note*: *See* **Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*.**

* * *

**Rule 1920.33. Joinder of Related Claims. Equitable Division. Enforcement.**

> (a)    If a pleading or petition raises a claim for equitable division of marital property under Section 3502 of the Divorce Code, the parties shall file and serve on the other party an inventory, which shall include the information in subdivisions (1) through (3) and shall be substantially in the form set forth in Pa.R.C.P. No. 1920.75. Within 20 days of service of the moving party's inventory, the non-moving party shall file an inventory. A party may not file a motion for the appointment of a master or a request for court action regarding equitable division until at least 30 days following the filing of that party's inventory.

> *Note*: *See* **Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts*.**

* * *

9

(b)     Within the time required by order of court or written directive of the master or, if none, at least 60 days before the scheduled hearing on the claim for equitable division, the parties shall file and serve upon the other party a pre-trial statement. The pre-trial statement shall include the following matters, together with any additional information required by special order of the court:

\* \* \*

(10)    a proposed resolution of the economic issues raised in the pleadings.

**Note:  See Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts.***

\* \* \*

**Rule 1920.75. Form of Inventory.**

The inventory required by **[Rule]Pa.R.C.P. No.** 1920.33(a) shall be substantially in the following form:

\* \* \*

**Note:  See Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts.***

**Rule 1930.1. [Form of Pleadings. ]Form of Caption. Confidential Information and Confidential Documents.  Certification.**

**(a)**     The form of the caption in all domestic relations matters shall be substantially **[as follows]in the following form**:

In the Court of Common Pleas of _____ County, Pennsylvania

A. Litigant,                                            )

10

|  | Plaintiff | ) |
|---|---|---|
| vs. | | ) No. **[of 19 ](Docket number)** |
| B. Litigant, | | ) |
|  | Defendant | ) |

(Title of Pleading)

*Note*:  As domestic relations matters are no longer quasi-criminal, the phrase ''Commonwealth ex rel.'' shall not be used in the caption of any domestic relations matter.

**(b)     Unless public access is otherwise constrained by applicable authority, any attorney, or any party if unrepresented, who files a document pursuant to these rules with the prothonotary's office shall comply with the requirements of Sections 7.0 and 8.0 of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* (Policy) including a certification of compliance with the Policy and, as necessary, a Confidential Information Form, unless otherwise specified by rule or order of court, or a Confidential Document Form in accordance with the Policy.**

***Note:*  Applicable authority includes but is not limited to statute, procedural rule, or court order.  The *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* (Policy) can be found on the website of the Supreme Court of Pennsylvania at http://www.pacourts.us/public-records.  Sections 7.0(D) and 8.0(D) of the Policy provide that the certification shall be in substantially the following form:**

> **I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.**

**The Confidential Information Form and the Confidential Document Form can be found at http://www.pacourts.us/public-records.  In lieu of the Confidential Information Form, Section 7.0(C) of the Policy provides for a court to adopt a rule or order permitting the filing of a document in two versions, a "Redacted Version" and an "Unredacted Version."**

11

**Rule 1930.6. Paternity Actions. <u>Scope. Venue. Commencement of Action.</u>**

(a)    **[Scope. ]**This rule shall govern the procedure by which a putative father may initiate a civil action to establish paternity and seek genetic testing. Such an action shall not be permitted if an order already has been entered as to the paternity, custody<u>,</u> or support of the child, or if a support or custody action to which the putative father is a party is pending.

(b)    **[Venue. ]**An action may be brought only in the county in which the defendant or the child(ren) reside.

(c)    **[Commencement of Action. ]**An action shall be **[initiated]<u>commenced</u>** by filing a verified complaint to establish paternity and for genetic testing substantially in the form set forth in subdivision (1)**[ below]**. The complaint shall have as its first page the Notice of Hearing and Order set forth in subdivision (2)**[ below]**.

*Note***:  ***See* **Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.**

\* \* \*


**Rule 1953. Commencement of Action.**

\* \* \*


(c)    Any fees associated with this action shall not be charged to the plaintiff.

*Note***:  ***See* **Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*.**


**Rule 1959. Forms for Use in Protection of Victims of Sexual Violence or Intimidation Actions. Notice and Hearing. Petition. Temporary Protection Order. Final Protection Order.**

\* \* \*

12

(b)     The petition in an action filed pursuant to the Act shall be identical in content to the following form:

* * *

**_Note_: _See_ Pa.R.C.P. No. 1930.1(b).  This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the _Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts_.**

* * *